FINAL REPORT[1]

*New Rule 113.1*
*Amendments to Pa.Rs.Crim.P. 560 and 575*
*Revision of the <u>Comment</u> to Pa.R.Crim.P. 578*

PUBLIC ACCESS POLICY

_____

On January 5, 2018, effective January 6, 2018, upon the recommendation of the Criminal Procedural Rules Committee, the Court adopted new Rule 113.1 (Confidential Information and Confidential Documents. Certification), amended Rules 560 (Information: Filing, Contents, Function) and 575 (Motions and Answers), and revised the *Comment* to Rule 578 (Omnibus Pretrial Motion for Relief) to provide correlative rule changes to assist in implementing the Court's new *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* (hereafter "the new Policy"*).*

These rule changes are the product of the Committee's examination resulting from a directive sent by the Court to all of the Rules Committees to consider correlative rule changes to implement the new Policy. The new Policy provides that trial and appellate court case records generally are publicly accessible but contains provisions that restrict certain types of information from being included in filings. This restricted information includes personal and financial information such as Social Security numbers, financial account numbers, driver license numbers, SID numbers, minors' personal information, victims' address and contact information, etc. This restricted information is prohibited by the new Policy from being included in filings unless it is contained in a "Confidential Information Form" or provided in both a redacted and unredacted version of the filing. Under the new Policy, the burden of ensuring that the confidential information or documents are filed in the proper manner rests with the filer

_____

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also, note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

and the court or record custodian will not review or redact the filings. The new Policy recognizes that public access may also be restricted by a sealing or protective order or "by federal law, state law, or state court rule…."

Given the importance of the new Policy and the need for those working in the criminal justice system to comply with its provisions, the Committee concluded that it would be beneficial to have a specific rule referencing the policy. This rule has been numbered "Rule 113.1," so that it falls after Rule 113 (Criminal Case File and Docket Entries) since both rules deal with provisions applicable to all case records. The new rule alerts filing parties to the requirements of the new Policy, in particular, the provisions regarding the inclusion of confidential information.

Due to the fact that the new Policy reflects a strong commitment to public access to most filings, the Committee also believes that filers should be more attuned to this accessibility and should limit the inclusion of personal information where possible. Therefore, the *Comment* to Rule 113.1 would contain an admonition that personal information should be included in a filing only where necessary and consideration given to the use of confidential information forms or sealing orders.

The Committee also noted that the restrictions on inclusion of confidential information contained in the Policy did not apply to filings by the courts but only to those made by the parties. The Committee believes that courts should comply voluntarily with similar restrictions on the inclusion of confidential information in court documents and so aspirational language is included in the *Comment* to Rule 113.1 that a court should be careful about including such information in its filings.

Another area of concern was the requirement that a certification of compliance with the Policy be included in most filings. The Committee concluded that filers should be alerted to this requirement and its import. The rules that contain "contents" provisions for documents filed by the parties will now contain a cross-reference to the new Policy and the certification requirement in particular. These cross-references are included in Rules 560 (Information: Filing, Contents, Function) and 575 (Motions and Answers). These rules contain the most clearly defined contents provisions as well as are some of the most significant filing rules for documents filed in the courts of common

pleas. A similar cross-reference also has been added to Rule 578 (Omnibus Pretrial Motion for Relief). While not a content rule, it does represent a significant number of the filing in criminal cases at the common pleas level.